[Cite as *State v. Fiscus*, 2013-Ohio-1124.]

COURT OF APPEALS
WAYNE COUNTY, OHIO
NINTH APPELLATE DISTRICT

| | |
|---|---|
| | JUDGES: |
| STATE OF OHIO | Hon. W. Scott Gwin, P. J. |
| | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | (Visiting judges sitting by Supreme |
| -vs- | Court assignment) |
| | |
| LINCOLN T. FISCUS | Case No. 12 CA 0041 |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Municipal Court,
                               Case No.  TRD-12-06-06007


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        March 18, 2013


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

NATHAN R. SHAKER                           LINCOLN T. FISCUS
ASSISTANT PROSECUTOR                       1446 Wadsworth Road
115 West Liberty Street                    Orrville, Ohio  44667
Wooster, Ohio  44691

*Wise, J.*

{¶1}   Appellant appeals his conviction and sentence on one count of driving under suspension entered in the Wayne County Municipal Court following a guilty plea.

{¶2}   Appellee is the State of Ohio.

## Motion to Dismiss

{¶3}   The State of Ohio moves this Court to dismiss Appellee's appeal for being non-compliant with App.R. 16.

{¶4}   App. R. 16 provides, in pertinent part:

{¶5}   "(A) Brief of the appellant

{¶6}   "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

{¶7}   "(1) A table of contents, with page references.

{¶8}   "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

{¶9}   "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

{¶10}   "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

{¶11}   "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

{¶12}   "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

{¶13} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶14} "(8) A conclusion briefly stating the precise relief sought.

{¶15} " * * *

{¶16} "(D) References in briefs to the record

{¶17} "References in the briefs to parts of the record shall be to the pages of the parts of the record involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected."

{¶18} Moreover, the Ohio Supreme Court has stated in *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 284, "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those

assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

**{¶19}** Appellant herein failed to file a transcript of the proceedings. Further, Appellant's brief does not contain a table of cases, statutes or other authority or citations to the record. Appellant did include a statement of the facts but no record was provided to support such facts.

**{¶20}** This Court has previously held that "[f]actual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case." *State v. Lewis,* 5th Dist. No.2006-CA-00066, ¶ 7, citing *Akro-Plastics v. Drake Industries*(1996), 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249

**{¶21}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16. *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60, 682 N.E.2d 1006; *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390. Such deficiencies permit this Court to dismiss the instant appeal. Notwithstanding the omissions in Appellant's brief, in the interests of justice and finality, we elect to review the instant appeal.

**{¶22}** Appellee's motion to dismiss is overruled.

<u>STATEMENTS OF FACTS AND CASE</u>

**{¶23}** On June 20, 2012, Appellant Lincoln Fiscus was issued a citation for driving under an OVI suspension in violation of R.C. §4510.14.

{¶24} On June 27, 2012, Appellant entered a plea of guilty to the charge.  The trial court sentenced Appellant to three days in jail, seven days house arrest, one year of probation, 50 hours of community service, one year license suspension and a fine of $750.00.

{¶25} Appellant now appeals his sentence and conviction, setting forth the following assignments of error:

**ASSIGNMENT OF ERROR**

{¶26} "I. THE MUNICIPAL COURT ERRED IN: 1) HARSH PUNISHMENT CONCERNING THE SENTENCING OF THE APPELLANT; 2) NO ALCOHOL WAS INVOLVED IN THIS CURRANT [SIC] DRIVING UNDER SUSPENSION CASE."

**I.**

{¶27} In his Assignment of Error, Appellant argues that the trial court erred in sentencing.  We disagree.

{¶28} Initially, Appellant argues that the sentence imposed by the trial court is "harsh punishment."  Appellant states that he is concerned that the 3 days of incarceration that was imposed will possibly cause him to lose his full-time employment position. He further complains that he is unable to work overtime, when available, and is having trouble staying current on his rent and bills.

{¶29} Upon review, we find Appellant entered a plea of guilty to one count of driving under suspension in violation of R.C. §4510.14(B)(1), which provides in relevant part:

{¶30} R.C. 4510.14 Driving under OVI suspension

**{¶31}** "(A) No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension.

**{¶32}** "(B) Whoever violates this section is guilty of driving under OVI suspension. The court shall sentence the offender under Chapter 2929. of the Revised Code, subject to the differences authorized or required by this section.

**{¶33}** "(1) Except as otherwise provided in division (B)(2) or (3) of this section, driving under OVI suspension is a misdemeanor of the first degree. The court shall sentence the offender to all of the following:

**{¶34}** "(a) A mandatory jail term of three consecutive days. The three-day term shall be imposed, unless, subject to division (C) of this section, the court instead imposes a sentence of not less than thirty consecutive days of house arrest with electronic monitoring. A period of house arrest with electronic monitoring imposed under this division shall not exceed six months. If the court imposes a mandatory three-day jail term under this division, the court may impose a jail term in addition to that term, provided that in no case shall the cumulative jail term imposed for the offense exceed six months.

**{¶35}** "(b) A fine of not less than two hundred fifty and not more than one thousand dollars;

**{¶36}** "(c) A license suspension under division (E) of this section;

**{¶37}** "(d) If the vehicle the offender was operating at the time of the offense is registered in the offender's name, immobilization for thirty days of the offender's vehicle and impoundment for thirty days of the identification license plates of that vehicle. The order for immobilization and impoundment shall be issued and enforced in accordance with section 4503.233 of the Revised Code."

**{¶38}** As stated above, a violation of R.C. §4510.14 is a first-degree misdemeanor. Pursuant to R.C. §2929.24:

**{¶39}** "(A) Except as provided in section 2929.22 or 2929.23 of the Revised Code or division (E) or (F) of this section and unless another term is required or authorized pursuant to law, if the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this chapter, the court shall impose a definite jail term that shall be one of the following:

**{¶40}** "(1) For a misdemeanor of the first degree, not more than one hundred eighty days;"

**{¶41}** The trial court below imposed only the 3-day mandatory jail term, allowing Appellant to serve the rest of his sentence on his house arrest.

**{¶42}** As the trial court, pursuant to the misdemeanor sentencing statutes, was required to sentence Appellant to no less than 3 days in jail up to 180 days in jail, we find that the sentence imposed herein is within the statutory sentencing range. We therefore find no abuse of discretion in sentencing.

**{¶43}** Appellant also raises an issue concerning an alleged reference in court and an alleged "misprint" in the "Daily Record" as to alcohol being involved in this case.

**{¶44}** This Court has no control over what is or is not printed in the "Daily Record".  No case or controversy involving statements made in the "Daily Record" are pending before this Court so this Court will not address same.

**{¶45}** As to the alleged statement made in Court, again, Appellant has not filed a transcript in this matter and this Court has no record of any such statements.  Further, Appellant does not make any argument as to how the alleged statement caused him any prejudice.

**{¶46}** Based on the foregoing, this Court finds Appellant's Assignment of Error not well-taken and hereby overrules same.

**{¶47}** The judgment of the Municipal Court of Wayne County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.


_____

_____

_____

JUDGES

JWW/d 0220

IN THE COURT OF APPEALS FOR WAYNE COUNTY, OHIO
NINTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LINCOLN T. FISCUS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CA 0041 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Wayne County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

JUDGES