[Cite as *Thomas v. Strba*, 2013-Ohio-3869.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JAMES THOMAS, SR., et al.

    Appellants

    v.

RONALD STRBA

    Appellee

C.A. No.      12CA0080-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.      11 CIV 0433

DECISION AND JOURNAL ENTRY

Dated: September 9, 2013

---

WHITMORE, Judge.

{¶1} Plaintiff-Appellants, James Thomas, Sr. and Kira Thomas (collectively "the Thomases"), appeal from the judgment of the Medina County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Ronald Strba. This Court reverses.

I

{¶2} James Thomas and Ronald Strba were long-time friends who regularly hunted together. On November 28, 2010, Thomas and his daughter met Strba on Strba's property to help him construct tree stands in anticipation of the opening day of hunting season. The two men started with a tree stand that was already in place on the property and was in need of remodeling. The pre-existing tree stand consisted of a crude platform atop a series of 2X4 boards that served as rungs to climb up to the platform. The boards were nailed to two adjacent trees, such that the left side of each board was nailed to the tree on the left and the right side of each board was nailed to the tree on the right. The boards were spaced in approximately two to three foot

intervals. There is no dispute that, at some point, Strba began nailing additional boards to the trees. Specifically, he added one board in the gap between each pre-existing board to make for an easier climb. After adding several boards, Strba tired and Thomas climbed up the tree stand to continue the work. Thomas held onto one of the pre-existing boards as he began to nail in a new board. Thomas was seriously injured when the pre-existing board pulled away from the tree on the left and he fell to the ground.

{¶3} The Thomases filed a complaint against Strba in which they asserted negligence and loss of consortium. Subsequently, Strba moved for summary judgment under the theory that the Thomases' claims were barred by the primary assumption of the risk doctrine. The trial court determined that the primary assumption of the risk doctrine would bar the Thomases' claims unless they pointed to evidence that Strba had engaged in intentional or reckless behavior. Because the Thomases' complaint only alleged negligence, the court gave them the opportunity to file an amended complaint. The Thomases then filed an amended complaint, in which they alleged that their injuries were due to Strba's negligent and/or reckless behavior. After additional discovery took place, Strba moved for summary judgment on the amended complaint. The court granted Strba's motion due to the application of the primary assumption of the risk doctrine and the lack of any evidence that the Thomases were injured due to any intentional or reckless behavior on the part of Strba.

{¶4} The Thomases now appeal from the trial court's judgment and raise five assignments of error for our review. For ease of analysis, we combine several of the assignments of error.

II

<u>Assignment of Error Number One</u>

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THAT THE DOCTRINE OF PRIMARY ASSUMPTION OF THE RISK FOR RECREATIONAL ACTIVITIES APPLIES EVEN WHEN PLAINTIFF HAS NOT YET BEGUN PARTICIPATING IN THE RECREATIONAL ACTIVITY.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THAT THE MERE BUILDING OF A STRUCTURE CONSTITUTES A RECREATIONAL ACTIVITY EVEN WHERE THE RECREATIONAL ACTIVITY HAS NOT YET STARTED BUT THE STRUCTURE ITSELF IS INTENDED FOR THE LATER USE IN A RECREATIONAL ACTIVITY.

<u>Assignment of Error Number Three</u>

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THAT THE DOCTRINE OF PRIMARY ASSUMPTION OF THE RISK FOR RECREATIONAL ACTIVITIES APPLIES EVEN DURING THE CONSTRUCTION PHASE OF A STRUCTURE INTENDED FOR LATER USE IN A RECREATIONAL ACTIVITY.

{¶5}     In their first three assignments of error, the Thomases argue that the trial court erred by granting Strba's motion for summary judgment because (1) the primary assumption of the risk doctrine does not apply to the act of building a tree stand for future use, and (2) there are genuine issues of material fact regarding Strba's negligence.

{¶6}     Initially, we note that the trial court here incorrectly premised its judgment upon its own factual findings. By way of example, Thomas testified in his deposition that he had not definitively decided to hunt with Strba on Strba's property. Thomas explained that he had made

arrangements to hunt down south in Guernsey County instead.[1]  Nevertheless, the trial court found that Thomas would benefit from helping Strba build tree stands on his property because Thomas planned to hunt there.  By way of further example, the trial court found that the pre-existing tree stand on Strba's property "had been constructed by Mr. Strba and his son."  The identity of the person(s) responsible for building the tree stand, however, was a matter of contention in the court below.  There was testimony that (1) Strba's two sons had built the stand, (2) the stand was already in place on the property when Strba bought it, and (3) a friend of Strba's built the stand several years before this incident.[2]

{¶7}    In ruling on a motion for summary judgment, a trial court must not resolve issues of fact because issues of fact are properly reserved for trial.  *See Tucker v. Kanzios*, 9th Dist. Lorain No. 08CA009429, 2009-Ohio-2788, ¶ 16.  Instead, the role of the trial court is to determine whether genuine issues of material fact exist for trial.  The trial court here improperly resolved issues of fact in its summary judgment ruling.  "Nevertheless, '[i]nasmuch as [our] review of an order granting summary judgment is de novo, * * * [we] will proceed to determine whether, despite the trial court's incorrect analysis, [Strba] [was] entitled to summary judgment." *Schaffer v. First Merit Bank, N.A.*, 186 Ohio App.3d 173, 2009-Ohio-6146, ¶ 15 (9th Dist.), quoting *Tucker* at ¶ 16.  *Accord Weisfeld v. PASCO, Inc.*, 9th Dist. Summit No. 26416, 2013-Ohio-1528, ¶ 9.

---

[1] Also evident from the trial court's judgment entry is its mistaken belief that this incident occurred on Strba's property in Guernsey County.  The record reflects that this incident occurred at Strba's home in Medina County.  Although Strba and Thomas jointly owned land and a hunting cabin in Guernsey County, they were not there on the day in question.

[2] Notably, there was no testimony that Strba and his son built the stand.

**{¶8}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

**{¶9}** "[T]o establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulted therefrom." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8. "[P]rimary assumption of risk, when applicable, prevents a plaintiff from establishing the duty element of a negligence case." *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, ¶ 25 (9th Dist.), quoting *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 433 (1996). "Underlying this judicially created doctrine is the notion that certain risks are so inherent in some activities that

they cannot be eliminated." *Otterbacher v. Brandywine Ski Center, Inc.*, 9th Dist. Summit No. 14269, 1990 WL 72327, *4 (May 23, 1990). Consequently, no duty to protect against them arises. *Id.* Primary assumption of the risk "is a defense of extraordinary strength" because it defeats a plaintiff's ability to allege even a prima facie case of negligence. *Gallagher* at 431. As such, the doctrine generally has been limited to cases where a plaintiff was injured while engaged in a recreational activity or an inherently dangerous activity. *See, e.g., Bastian v. McGannon*, 9th Dist. Lorain No. 07CA009213, 2008-Ohio-1449, ¶ 11; *Stewart* at ¶ 25-28. This appeal concerns the trial court's conclusion that Thomas was engaged in a recreational activity at the time he was injured.

{¶10} "Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either reckless or intentional[.]" (Internal quotations omitted.) *Marchetti v. Kalish*, 53 Ohio St.3d 95 (1990), syllabus. The first question in such a case is whether the injured plaintiff was, in fact, either a participant in or a spectator of a recreational activity at the time of the injury. *Bastian* at ¶ 12. *See also Gentry v. Craycraft*, 101 Ohio St.3d 141, 2004-Ohio-379, ¶ 7-14. If an individual sustains an injury after the recreational activity at issue has ended, the primary assumption of the risk doctrine does not apply. *Bastian* at ¶ 16 (summary judgment reversed due to material dispute of fact that children's BB gun game was still ongoing at time of plaintiff's injury). *See also Booth v. Walls*, 3d Dist. Henry No. 7-12-23, 2013-Ohio-3190, ¶ 49-52 (doctrine held to apply when recreational activity of target shooting still ongoing); *Konesky v. Wood Cty. Agricultural Soc.*, 164 Ohio App.3d 839, 2005-Ohio-7009, ¶ 4-22 (6th Dist.) (doctrine inapplicable when plaintiff injured by runaway horse after participating in an earlier horse race). By that same logic, the doctrine cannot be said to apply if

an individual is injured before the recreational activity at issue has commenced. *See Bastian* at ¶ 16.

{¶11} There is no dispute that James Thomas was injured on November 28, 2010, one day before the opening day of hunting season (November 29, 2010). In his deposition, Thomas testified that he and Strba had been friends for over twenty years and had hunted together every year for the past fifteen years. During those fifteen years, the two men hunted together on property they had jointly purchased in Guernsey County. In 2010, however, Strba decided not to hunt on the Guernsey County property. Thomas testified that Strba planned to hunt on his own property instead and invited Thomas to hunt with him. Thomas further testified that he was considering hunting with Strba, but had already made plans to hunt with another friend of theirs in Guernsey County. Nevertheless, when Strba asked Thomas to help him put up tree stands on his property, Thomas agreed. Thomas took his daughter along when he went to Strba's property to build the stands. At the time of Thomas' deposition, his daughter was thirteen years old.

{¶12} Strba testified that he decided to hunt on his own property in 2010 and invited Thomas to join him. Strba further testified that it was his impression that Thomas would be hunting with him the following day. Even so, Strba agreed that he and Thomas were not hunting on the day of Thomas' injury because hunting season had not yet commenced. Strba described Thomas and himself on that day as "two friends [working] on a project."

{¶13} The trial court determined that, at the time of Thomas' injury, both Thomas and Strba "were engaged in the recreational activity of building a hunting stand to use while hunting on the property." The court adhered to its earlier decision on Strba's first motion for summary judgment in which the court wrote:

> Absent the reason why Mr. Thomas was helping Mr. Strba build the hunting stand, this Court would agree that a person who came onto the land of another to

help him build or repair a structure on that land would be a business invitee [and the primary assumption of the risk doctrine would not apply]. In this case, however, the reason why Mr. Thomas was helping Mr. Strba with the hunting stand was not solely for Mr. Strba's benefit. It was so that both Mr. Thomas and Mr. Strba could hunt on Mr. Strba's property in Guernsey County.

Consequently, the trial court concluded that the Thomases' claims were barred by the primary assumption of the risk doctrine.

{¶14} As previously explained, Strba's property was not located in Guernsey County. Although Strba owned property with Thomas in Guernsey County, the incident in question occurred on Strba's personal property. Moreover, while the tree stands Thomas agreed to help Strba build would be used for hunting, there was conflicting testimony about Thomas' own hunting plans. It was Strba's impression that Thomas planned to hunt with him on opening day, but Thomas testified that he had made plans to hunt in Guernsey County. The record does not support the trial court's definitive conclusion that Thomas planned to hunt on Strba's property the following day. Even so, Thomas' plans for the following day are not dispositive of the analysis here. The pertinent question is whether Thomas was engaged in a recreational activity at the time of his injury.

{¶15} Under the facts of this case, it is clear to this Court that Thomas was not engaged in a recreational activity at the time of his injury. Certainly, hunting qualifies as a recreational activity. *See, e.g., Hoover v. Shipley*, 70 Ohio App.3d 256 (5th Dist.1991). Yet, Thomas was not hunting when he fell from the tree stand. *Compare Bruntz v. Cotton Tail Hunt Club*, 291 Ga.App. 200 (2008) (primary assumption of the risk barred negligence action against hunting club when experienced hunter fell from the tree stand he was climbing for the purpose of hunting from it). Thomas was simply helping his friend prepare for the start of hunting season, which did not even commence until the following day.

{¶16} Any number of preparations might be necessary before one can engage in a recreational activity. For instance, a hunter's preparations undoubtedly would include buying a hunting license, readying his shotgun or bow, and selecting weather-appropriate attire. Those preparations might occur over any number of hours, days, or weeks before any actual hunting commenced. It would be an absurd result if the primary assumption of the risk doctrine barred the recovery of a hunter who slipped and fell in the store where he went to purchase his license or who was injured in a car accident while driving to his hunting destination. The doctrine would not bar those injuries because the recreational activity (i.e., hunting) had yet to begin when the injuries occurred. Moreover, those injuries would not be of the type that a hunter would ordinarily assume as inherent risks of the sport of hunting. *See Marchetti*, 53 Ohio St.3d at syllabus ("Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity * * *."). *See also Gallagher*, 74 Ohio St.3d at 432 ("[O]nly those risks directly associated with the activity in question are within the scope of primary assumption of risk * * *.").

{¶17} There is no dispute that Thomas was injured while helping construct a tree stand in anticipation of hunting season. By law, no hunting could occur until the following day and there was no evidence that Thomas intended to hunt on the day he was injured. Moreover, there was no evidence that Thomas and Strba were engaged in tree stand building simply for the sake of it. *Compare Gentry*, 101 Ohio St.3d 141, 2004-Ohio-379, at ¶ 7-14 (children building a chair were "engaged in typical backyard play" such that their chair building constituted a recreational activity). The building of the tree stand was a means to an end. Were this Court to hold that Thomas was engaged in a recreational activity at the time of his injury, the definition of what constitutes a recreational activity would be greatly expanded.

{¶18} The beginning and ending point of a recreational activity may oftentimes prove difficult to discern and might vary depending on the facts and circumstances of each given case. Given the facts and circumstances of this particular case, we must conclude that Thomas was not engaged in a recreational activity at the time he was injured. Because Thomas was not engaged in a recreational activity at the time of his injury, the trial court erred by concluding that the Thomases' claims were barred by the primary assumption of the risk doctrine. Moreover, because Strba moved for summary judgment solely on the basis that the Thomases' claims were barred by the doctrine, the trial court erred by granting Strba's motion for summary judgment. The Thomases' first three assignments of error are sustained.

Assignment of Error Number Four

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THAT THE IMPROPER CONSTRUCTION OF A TREE STAND IS A DANGER THAT IS ORDINARY TO THE ACTIVITY OF HUNTING.

Assignment of Error Number Five

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER STRBA ACTED RECKLESS (Sic.)

{¶19} In their fourth and fifth assignments of error, the Thomases argue that the trial court erred by granting Strba's motion for summary judgment because (1) Thomas's injury was not due to an inherent risk of building or climbing a tree stand, and (2) there are genuine issues of material fact with regard to whether Strba acted recklessly. Both of the foregoing assignments of error are premised upon this Court having concluded that Thomas was engaged in a recreational activity at the time he was injured. Because we have concluded that Thomas was not engaged in a recreational activity when he was injured, the assignments of error are moot. Therefore, we decline to address them. *See* App.R. 12(A)(1)(c).

III

{¶20} The Thomases' first, second, and third assignments of error are sustained. Their fourth and fifth assignments of error are moot and we decline to address them. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

DAVID R. GRANT, Attorney at Law, for Appellants.

KIRK E. ROMAN, Attorney at Law, for Appellee.