[Cite as *McCoy v. Bullock*, 2019-Ohio-3169.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| :--- | :--- | :--- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MORGAN MCCOY

      Appellant

      v.

MICHAEL BULLOCK
TARRY HOUSE, INC.

      Appellees

C.A. No.     29353

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-07-2921

DECISION AND JOURNAL ENTRY

Dated: August 7, 2019

HENSAL, Judge.

{¶1} Morgan McCoy appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to Michael Bullock and Tarry House, Inc. on his negligence, breach of lease, and harassment claims. For the following reasons, this Court affirms.

I.

{¶2} Mr. McCoy lives at an apartment complex operated by Tarry House, Inc. Mr. Bullock is the director of the facility. On May 5, 2018, the complex's property manager called the police about a vehicle in the parking lot that is owned by Mr. McCoy.

{¶3} According to Mr. McCoy, because of the surveillance cameras at the apartment complex and the amount of time he had lived there, the property manager should have known that the vehicle belonged to him. Even if the property manager did not, Mr. McCoy believes that

he should have inquired at each of the eight apartments before calling anyone and should have called a towing company about the vehicle instead of the police.

{¶4} Following the incident, Mr. McCoy filed a complaint against Mr. Bullock and Tarry House (collectively "Tarry House"), alleging negligence, breach of the warranty of habitability, and harassment. He alleged that the apartment was infested by bedbugs, that it lacked hot water, and that Tarry House allowed its employees and other tenants to harass him because of his race. He also alleged that Tarry House had not properly screened its employees and tenants for drug, alcohol, or mental health issues. He later dismissed his claims regarding the bathroom and bedbug conditions. Following the close of discovery, Tarry House moved for summary judgment on Mr. McCoy's remaining claims. Mr. McCoy opposed the motion, but the trial court granted summary judgment to Tarry House. Mr. McCoy has appealed, assigning as error that the trial court incorrectly granted summary judgment to Tarry House.

ASSIGNMENT OF ERROR

APPELLANT'S BEING DENIED DISPOSITIVE MOTION AND/OR DENIED TRIAL WITH APPELLEE'S BEING GRANTED SUMMARY JUDGMENT (APP. A-1) BY THE JUDGE IN THE MATTER NOW BEFORE THIS COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS PER OR UNDER ARTICLE IV SECTION 3 OF THE OHIO CONSTITUTION.

{¶5} Mr. McCoy argues that the trial court should not have granted summary judgment to Tarry House. Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to

evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} The trial court analyzed Mr. McCoy's warranty of habitability claim under Revised Code Section 5321.04, which provides a list of landlord obligations such as making repairs, keeping common areas safe, and supplying heat and water. R.C. 5321.04(A). It determined that Mr. McCoy's allegations did not pertain to any of those requirements. Mr. McCoy does not challenge the trial court's determination on his warranty of habitability claim in his appellate brief.

{¶7} The trial court construed Mr. McCoy's negligence claim as a negligent hiring, supervision, or retention claim and analyzed it together with his harassment claim. It determined that Mr. McCoy had not set out a prima facie case of harassment by the property manager and, therefore, could not establish that Tarry House was negligent in hiring, supervising, or retaining him.

{¶8} Mr. McCoy argues that the trial court incorrectly determined that he did not establish a prima facie case of harassment in the form of a hostile living environment. *See* R.C. 4112.02(H)(4). In *Ohio Civil Rights Commission v. Akron Metropolitan Housing Authority*, 170 Ohio App.3d 283, 2006-Ohio-6967, this Court identified the elements of a hostile living environment claim as: 1) plaintiff is a member of a protected class, 2) unwelcome conduct, 3) the unwelcome conduct is based on the plaintiff's race, 4) the unwelcome conduct was sufficiently severe or pervasive to alter the plaintiff's living conditions and create an abusive

environment, and 5) the unwelcome conduct was either committed by the landlord or the landlord knew or should have known about the conduct and failed to take immediate and appropriate corrective action. *Id.* at ¶ 19, reversed on other grounds by *Ohio Civ. Rights Comm. v. Akron Metro. Hous. Auth.*, 119 Ohio St.3d 77, 2008-Ohio-3320.

{¶9} The trial court determined that Mr. McCoy's claim failed because there was no evidence to support his allegation that the property manager called the police in order to harass him. It also determined that there was no evidence to support Mr. McCoy's claim that Tarry House breached a duty of care when it hired the property manager.

{¶10} Mr. McCoy's argument focuses on the conduct of Tarry House's property manager. He alleges that the property manager was motivated by racial prejudice in calling the police to question him about the vehicle in the parking lot. He believes that the property manager made him have an encounter with the police in an attempt to traumatize him. He notes that the property manager did not call the police on any vehicles owned by white individuals. He also notes that, at the time of the incident, he had only recently acquired the vehicle and had not registered or taken title to the vehicle yet. He alleges that the property manager, therefore, must have known it was his vehicle or the police would not have known to talk to him.

{¶11} Tarry House attached an affidavit of its property manager to its motion for summary judgment. According to the affidavit, the property manager did not know that the vehicle in the parking lot belonged to Mr. McCoy or any other resident of the apartment complex.

{¶12} Mr. McCoy did not submit any evidence with his response to the motion for summary judgment that challenged the property manager's assertion. Although he alleges that the property manager must have told the police it was his vehicle, there are other ways the

officers may have discovered his relation to the vehicle such as another tenant or the prior owner. "[E]xpressions of speculation or assumptions in deposition testimony and affidavits are insufficient to sustain the non-movant's burden." *Messer v. Summa Health Sys.*, 9th Dist. Summit No. 28470, 2018-Ohio-372, ¶ 31.

**{¶13}** Mr. McCoy argues that his claim is supported by the police department's incident report. The incident report details who contacted the police department, the time of the response, and the police unit that responded. It indicates that the responding unit spoke to the owner of the vehicle about the fact that the vehicle had expired plates and that the owner stated that he was going to renew them within the next month. There is nothing in the incident report that suggests that Tarry House's property manager contacted the police in order to harass Mr. McCoy.

**{¶14}** In his brief, Mr. McCoy provides excerpts of the conversation that allegedly occurred when the police responded to the apartment complex. This conversation, however, does not appear in the trial court record, so this Court is not permitted to consider it on appeal. *Bastian v. McGannon*, 9th Dist. Lorain No. 07CA009213, 2008-Ohio-1449, ¶ 20; *State v. Fiscus*, 9th Dist. Wayne No. 12CA0041, 2013-Ohio-1124, ¶ 20. Mr. McCoy also alleges that the police officer's bodycam footage could support his claim, but that was also not made part of the trial court record.

**{¶15}** Upon review of the record, we conclude that the trial court correctly determined that there were no genuine issues of material fact and that Tarry House was entitled to judgment on Mr. McCoy's harassment and negligent hiring, supervision, or retention claims as a matter of law. The court, therefore, did not err when it granted summary judgment to Tarry House. Mr. McCoy's assignment of error is overruled.

III.

{¶16} Mr. McCoy's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MORGAN MCCOY, pro se, Appellant.

STEPHEN J. CHUPARKOFF, Attorney at Law, for Appellees.